**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of _____ Texas _____
(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**                    Cosmos Holdings Acquisition Corp.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)          464882088

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 45          Oser Avenue | |
| Number      Street | Number          Street |
| | P.O. Box |
| Hauppauge    NY      11788 | City          State          ZIP Code |
| City    State    ZIP Code | **Location of principal assets, if different from principal place of business** |
| Suffolk | |
| County | Number          Street |
| | City          State          ZIP Code |

5. **Debtor's website** (URL)          https://www.speedcast.com/

Debtor    Cosmos Holdings Acquisition Corp.
Name

Case number (if known) _____

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above
    Satellite Communications Provider

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes .
   5174

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11.  *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11**.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of  creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____  When _____  Case number _____
                                            MM/ DD/ YYYY

           District _____  When _____  Case number _____
                                            MM / DD / YYYY

Debtor    Cosmos Holdings Acquisition Corp. _____    Case number (if known) _____
          Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See attached Schedule 1 _____    Relationship _____

District _____    When _____
                                                     MM / DD/ YYYY
Case number, if known _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    _____
                              Number        Street

                              _____
                              City          State       ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49            ☒ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99           ☐ 5,000-10,000       ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

---

Debtor    Cosmos Holdings Acquisition Corp.                          Case number (if known) _____
          Name

---

**15. Estimated assets**
(on a consolidated basis
with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis
with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this  petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/ 23 / 2020
               MM / DD / YYYY

✗    /s/ Michael Healy                          Michael Healy
     Signature of authorized representative of    Printed name
     debtor

     Chief Restructuring Officer
     Title

**18. Signature of attorney**

✗    /s/ Alfredo R. Pérez                    Date    04/ 23 / 2020
     Signature of attorney for debtor                 MM / DD / YYYY

     Alfredo R. Pérez                         Gary T. Holtzer
     Printed Name

     Weil, Gotshal & Manges LLP               Weil, Gotshal & Manges LLP
     Firm Name

     700 Louisiana Street, Suite 1700         767 Fifth Avenue
     Address

     Houston, Texas 77002                     New York, New York 10153
     City/State/Zip

     (713) 546-5000                           (212) 310-8000
     Contact Phone

     alfredo.perez@weil.com                   gary.holtzer@weil.com
     Email Address

     15776275              Texas
     Bar Number            State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| SpeedCast International Limited |
| SpeedCast UK Holdings Limited |
| CapRock UK Limited |
| CapRock Communications Pte. Ltd. |
| Speedcast Cyprus Ltd. |
| SpeedCast Limited |
| SpeedCast Group Holdings Pty Ltd |
| SpeedCast Americas, Inc. |
| SpeedCast Communications, Inc. |
| SpaceLink Systems, LLC |
| SpeedCast Australia Pty Limited |
| Satellite Communications Australia Pty Ltd |
| Oceanic Broadband Solutions Pty Ltd |
| SpeedCast Managed Services Pty Limited |
| Maritime Communication Services, Inc. |
| Telaurus Communications LLC |
| CCI Services Corp. |
| HCT Acquisition, LLC |
| Cosmos Holdings Acquisition Corp. |
| Globecomm Network Services Corporation |
| Hermes Datacommunications International Limited |
| SpeedCast Singapore Pte. Ltd. |
| SpaceLink Systems II, LLC |
| CapRock Comunicações do Brasil Ltda. |
| CapRock Participações do Brasil Ltda. |
| Speedcast Canada Limited |
| CapRock Communications (Australia) Pty Ltd |
| SpeedCast Norway AS |
| Globecomm Europe B.V. |
| NewCom International, Inc. |

| COMPANY |
| --- |
| Evolution Communications Group Limited |
| SpeedCast Netherlands B.V. |
| SpeedCast France SAS |

OMNIBUS WRITTEN CONSENT OF

THE BOARDS OF DIRECTORS OR MANAGERS OF EACH OF

SPEEDCAST AMERICAS, INC.,
SPEEDCAST COMMUNICATIONS, INC.,
CCI SERVICES CORP.,
MARITIME COMMUNICATION SERVICES, INC.,
SPACELINK SYSTEMS, LLC,
SPACELINK SYSTEMS II, LLC,
GLOBECOMM NETWORK SERVICES CORPORATION,
TELAURUS COMMUNICATIONS LLC,
HCT ACQUISITION, LLC,
COSMOS HOLDINGS ACQUISITION CORP., AND
NEWCOM INTERNATIONAL INC.

April 22, 2020

The undersigned, being all of the directors or managers (as applicable) (the "**Board**") of (i) SpeedCast Americas, Inc., a Delaware corporation (the "**U.S. Parent**"), (ii) SpeedCast Communications, Inc., a Texas corporation, (iii) CCI Services Corp., a Delaware corporation, (iv) Maritime Communication Services, Inc., a Delaware corporation, (v) SpaceLink Systems, LLC, a Delaware limited liability company, (vi) SpaceLink Systems II, LLC, a Texas limited liability company, (vii) Globecomm Network Services Corporation, a Delaware corporation, (viii) Telaurus Communications LLC, a Delaware limited liability company, (ix) HCT Acquisition, LLC, a Delaware limited liability company, (x) Cosmos Holdings Acquisition Corp., a Delaware corporation, and (xi) NewCom International Inc., a Florida corporation, (each, a "**Company Party**", and collectively, the "**Company Parties**") pursuant to (x) each Company Party's respective governing documents, and (y) Section 141(f) of the General Corporation Law of the State of Delaware, Section 404(d) of the Delaware Limited Liability Company Act, Section 6.201(b) of the Texas Business Organizations Code, or Section 607.0821 of the Florida Business Corporation Act (as applicable), do hereby consent and agree that the following resolutions be, and hereby are, adopted by the Board of each Company Party in respect of such Company Party:

**WHEREAS**, the U.S. Parent and SpaceLink Systems II, LLC are each indirect subsidiaries of SpeedCast International Limited, a company organized under the laws of Australia ("**Speedcast**"), and each other Company Party is a direct or indirect subsidiary of the U.S. Parent;

**WHEREAS**, Speedcast and certain of its subsidiaries and affiliates (the "**Speedcast Group**") are considering commencing cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and

**WHEREAS**, the Board of each Company Party has, with the assistance of (i) financial advice from its financial advisors, (ii) legal advice from outside counsel and the general counsel to Speedcast, and (iii) the assistance management of Speedcast and the Company Party, fully

considered each of the strategic alternatives available to such Company Party and has had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of Speedcast and the Company Parties regarding the liabilities and liquidity of the Company Parties and the strategic alternatives;

**WHEREAS**, the Board of each Company Party has determined that taking the actions set forth below are advisable and in the best interests of such Company Party and therefore desires to approve the following resolutions in respect of such Company Party:

## I. <u>Commencement of Chapter 11 Cases.</u>

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of each Company Party, after consultations with counsel, management and its financial advisors that, if the board of directors of Speedcast resolves to approve the chapter 11 filings of the Speedcast Group, it is desirable and in the best interests of such Company Party, their respective creditors, and other interested parties, that a petition be filed by or on behalf of such Company Party seeking relief under the provisions of chapter 11 of the Bankruptcy Code; and be it further

**RESOLVED**, that, if the board of directors of Speedcast resolves to approve the chapter 11 filings of the Speedcast Group, each officer of such Company Party, any director and any agent authorized by such Board, including, in each case, Michael Healy, the Chief Restructuring Officer of Speedcast (each an "**Authorized Representative**"), in each case, acting singly or jointly be, and hereby are, authorized, empowered, and directed, in the name and on behalf of such Company Party to execute, verify, and file petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents or to cause the same to be executed and filed in the name and on behalf of such Company Party in the Bankruptcy Court at such time that the Authorized Representative executing the same shall determine, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Representative, who may act without the joinder of any other Authorized Representative deems necessary, proper, or desirable in connection with such Company Party's chapter 11 case (collectively, the "**Chapter 11 Cases**"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates and instruments in connection with the successful prosecution of all such Chapter 11 Cases, including the professional retentions set forth in this resolution; and be it further

## II. <u>Debtor-in Possession Financing</u>

**RESOLVED**, that in connection with the Chapter 11 Cases, it is in the best interests of (i) in the case of SpeedCast Communications, Inc. (the "**DIP Facility Borrower**") to enter into and obtain loans, (ii) in the case of such Company Party that is a guarantor of the DIP Facility Borrower's obligations under the DIP Credit Agreement (as defined below, and each such Company Party, a "**Guarantor**"), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement, and (iii) in the case of such Company Party, to consummate the transactions under that certain Senior Secured Superpriority Debtor-In-Possession Term Loan Credit Agreement (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**") in substantially the form attached hereto as <u>**Exhibit 1**</u> (or on such other terms as any

Authorized Representative, who may act without the joinder of any other Authorized Representative deems necessary, proper, or desirable), to be entered into by and among Speedcast, the DIP Facility Borrower, the Guarantors, the lenders from time to time party thereto (the "**DIP Lenders**"), and Credit Suisse AG, Cayman Islands Branch, as administrative agent and collateral agent for the DIP Lenders (in such capacities, including any successor thereto, the "**DIP Agent**"), subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company Parties (collectively, the "**DIP Financing**"); and be it further

      **RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by such Company Party to the extent such Company Party is party thereto and the consummation by such Company Party of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of the Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of such Company Party, the grant of a security interest in and liens upon substantially all of such Company Party's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and (iv) the execution, delivery and performance of all other agreements, instruments, documents, notices, or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable, or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "**DIP Financing Document**" and collectively, the "**DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Representative, who may act without the joinder of any other Authorized Representative, is hereby severally authorized, empowered and directed, in the name and on behalf of such Company Party, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which such Company Party is a party, with such changes therein and additions thereto as any such Authorized Representative, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Representative, to be conclusive evidence that such Authorized Representative deemed such changes to meet such standard; and be it further

      **RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company Parties throughout the Chapter 11 Case and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

      **RESOLVED,** that each Authorized Representative of such Company Party, who may act without the joinder of any other Authorized Representative, is hereby authorized, empowered, and directed, in the name and on behalf of such Company Party, to cause such Company Party to negotiate and approve the terms, provisions and performance of, and to prepare, execute and

deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of such Company Party under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP Agent or by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that such Company Party be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that each Authorized Representative of such Company Party, who may act without the joinder of any other Authorized Representative, is hereby authorized to grant security interests in, and liens on, any and all property (including real property) of such Company Party as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of such Company Party thereunder to the lenders under the DIP Credit Agreement and the Agent, and to authorized, execute, verify, file and or deliver to the Agent, on behalf of such Company Party, all agreements, documents and instruments required by the lenders in connection with the foregoing; and be it further

**RESOLVED**, that each Authorized Representative of such Company Party, who may act without the joinder of any other Authorized Representative, is hereby authorized, empowered, and directed, in the name and on behalf of such Company Party, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Representative's sole judgment, be necessary, proper, or advisable to perform such Company Party's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Representative of such Company Party, who may act without the joinder of any other Authorized Representative, is hereby authorized, empowered, and directed, in the name and on behalf of such Company Party, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Representative's sole judgment, be necessary, proper or advisable; and be it further

### III. <u>Retention of Advisors</u>.

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP is hereby retained as counsel for such Company Party in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Herbert Smith Freehills is hereby retained as counsel for such Company Party in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Moelis Australia Ltd is hereby retained as financial advisor for such Company Party in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of FTI Consulting, Inc. is hereby retained for such Company Party in the Chapter 11 Cases, subject to Bankruptcy Court approval.

**RESOLVED**, that the firm of Kurtzman Carson Consultants LLC is hereby employed as claims, noticing and solicitation agent for such Company Party in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

IV.     <u>General Authorization and Ratification</u>.

**RESOLVED**, that each Authorized Representative be, and each, acting alone, hereby is, authorized, empowered and directed, for and on behalf of such Company Party, to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as such Authorized Representative may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Representative being conclusive evidence that the same did meet such standards as set forth above; and be it further

**RESOLVED**, that any and all actions taken by any Authorized Representative prior to the date of adoption of the foregoing resolutions which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as a duly authorized act of such Company Party in all respects and for all purposes.

[Signature Page Follows]

This Omnibus Written Consent may be executed in one or more counterparts, all of which together shall be one and the same instrument.  This Omnibus Written Consent shall be filed with and become a part of the records of the each of the Company Parties.

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of each of SpeedCast Americas, Inc., SpeedCast Communications, Inc., CCI Services Corp., and Maritime Communication Services, Inc., have executed this written consent as of the date first written above.

_____

Jimmie Keith Johnson

_____

Joe Spytek

This Omnibus Written Consent may be executed in one or more counterparts, all of which together shall be one and the same instrument.  This Omnibus Written Consent shall be filed with and become a part of the records of the each of the Company Parties.

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of each of SpeedCast Americas, Inc., SpeedCast Communications, Inc., CCI Services Corp., and Maritime Communication Services, Inc., have executed this written consent as of the date first written above.

_____
Jimmie Keith Johnson

_____
Joe Spytek

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of each of SpaceLink Systems, LLC and SpaceLink Systems II, LLC, have executed this written consent as of the date first written above.

_____

Jimmie Keith Johnson

_____

Joe Spytek

**IN WITNESS WHEREOF**, the undersigned, being all of the managers of each of SpaceLink Systems, LLC and SpaceLink Systems II, LLC, have executed this written consent as of the date first written above.


_____

Jimmie Keith Johnson


_____

Joe Spytek

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Board of each of Globecomm Network Services Corporation and Cosomos Holdings Acquisition Corp., has executed this written consent as of the date first written above.

_____
Jimmie Keith Johnson

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of HCT Acquisition, LLC, has executed this written consent as of the date first written above.


_____

Jimmie Keith Johnson

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Board of NewCom International, Inc., has executed this written consent as of the date first written above.

_____
Jaime Dickinson


_____
Joe Spytek

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the Board of NewCom International, Inc., has executed this written consent as of the date first written above.

_____
Jaime Dickinson


_____
Joe Spytek

**IN WITNESS WHEREOF**, the undersigned, being the sole manager of Telarus Communications LLC, has executed this written consent as of the date first written above.

**MARITIME COMMUNICATION SERVICES, INC.**

By: _____

Name:  Joe Spytek

Title:   President

<table>
<tr><td colspan="2"><strong>ill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name: <u>Cosmos Holdings Acquisition Corp.</u></td></tr>
<tr><td>United States Bankruptcy Court for the <u>Southern District of Texas</u><br>(State)</td></tr>
<tr><td>Case number (<em>If known</em>): _____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                              12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 1 | INTELSAT CORPORATION PO BOX 847491 DALLAS, TX 75284-7491 US | 703 559 8230 Billing.Inquiries@Intelsat.com | Supplier | N/A | $ 44,842,908.91 | TBD | $ 44,842,908.91 |
| 2 | INMARSAT GLOBAL LIMITED 99 CITY ROAD LONDON, EC1Y 1AX UK | SHIRIN DHALA 44 207 728 1578 VALENTINA.TSIALIATIDOU@IN MARSAT.COM | Supplier | N/A | $ 23,429,214.99 | TBD | $ 23,429,214.99 |
| 3 | New Skies Satellites B.V. ROOSEVELTPLANTSOEN 4 THE HAGUE, KR 2517 NL | Francis Marquez-Credit/Collection Controller + 31 70 338 1997 francis.marquez@ses.com; sanjeev.ramcharan@ses.com; billing-nl@ses.com | Supplier | N/A | $ 3,086,233.22 | TBD | $ 3,086,233.22 |
| 4 | O3b Sales B.V. Johan van Oldenbarneveltlaan 5 The Hague, 2582 NE NL | Adam Ferneyhough-Accounts Receivable +31 (0)70 711 6500 ruy.sarmiento@o3bnetworks.com; billing@o3bnetworks.com; adam.ferneyhough@ses.com | Supplier | N/A | $ 3,032,627.96 | TBD | $ 3,032,627.96 |
| 5 | THRANE AND THRANE A/S TRADING AS COBHAM SATCOM Lundtoftegaardsvej 93 D Kongens Lyngby, 2800 DK | 45 39 55 88 00 satcom.receivables@cobham.com | Supplier | N/A | $ 2,705,519.62 | TBD | $ 2,705,519.62 |

---

[1] The Debtors are continuing to review their books and records with respect to claims and whether such claims are contingent, disputed or unliquidated. The Debtors reserve all rights to amend the amounts and designations herein.

Debtor   Cosmos Holdings Acquisition Corp.                          Case number (if known)
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 6 | ASIA SATELLITE TELECOMMUNICATIONS COMPANY LIMITED 12/F, Harbour Centre Hong Kong, HK | +61 (02) 8870 1400 syeung@asiasat.com; rtong@asiasat.com | Supplier | N/A | $ 2,513,879.94 | TBD | $ 2,513,879.94 |
| 7 | Intellian Technologies USA, Inc. 11 STUDEBAKER IRVINE, CA 92618 US | Julia Kim-Accountant +1-949-727-4498  ext. 1111 julia.kim@intelliantech.com; accounting.us@intelliantech.com | Supplier | N/A | $ 2,074,106.16 | TBD | $ 2,074,106.16 |
| 8 | McKinsey & Company Inc 555 California Street Suite 4800 SAN FRANCISCO, CA 94104 US | +1 415 981 0250 | Professional Services | N/A | $ 1,950,000.00 | TBD | $ 1,950,000.00 |
| 9 | APT Satellite Company Limited 22 Dai Kwai Street, Tai Po Industrial Estate Hong Kong, HK | (852) 2600 2100 christine@apstar.com | Supplier | N/A | $ 1,795,166.00 | TBD | $ 1,795,166.00 |
| 10 | Eutelsat Asia Pte. Ltd. 8 Temasek Boulevard #15-02 Suntec Three Tower Singapore, 018981 SG | Mervyn EU ZHI YONG (65) 6808 2088 lngszeyim@eutelsat.com | Supplier | N/A | $ 1,774,390.14 | TBD | $ 1,774,390.14 |
| 11 | SES Government Solutions, Inc 11790 Sunrise Valley Drive, Suite 300 RESTON, VA 20191 US | Sefika Toker-AR Administrator (703) 610-0977 (571) 294-5132 sefika.toker@ses-gs.com; emily.mosso@ses-gs.com | Supplier | N/A | $ 1,540,798.40 | TBD | $ 1,540,798.40 |
| 12 | Satélites Mexicanos, S.A. de C.V. Avenida Paseo de la Reforma No. 222 Piso 20 y 21 MEXICO, ME 6600 MX | +52 (55) 2629 5800 jonathan.cortez@eutelsat.com | Supplier | N/A | $ 1,443,546.06 | TBD | $ 1,443,546.06 |
| 13 | INMARSAT SOLUTIONS B.V LOIRE 158-160, ENTRANCE B THE HAGUE,  2491 AL NL | +1 709 748 4280 AR.Inquiries@inmarsat.com | Supplier | N/A | $ 1,384,472.78 | TBD | $ 1,384,472.78 |

Debtor   Cosmos Holdings Acquisition Corp.                                    Case number (if known) _____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 14 TELESAT CANADA 1601 Telesat Court OTTAWA, ON K1B5P4 CA | 613 748 0123 mvinnakota@telesat.com | Supplier | N/A | $ 1,275,304.79 | TBD | $ 1,275,304.79 |
| 15 Eutelsat S.A. 70 Rue Balard PARIS, 75015 FR | Mervyn Eu zhi yong +33 15398 4747;+33 1 53 983752 credit@eutelsat.com; hzared@eutelsat.com; victor.perez@eutelsat.com | Supplier | N/A | $ 1,224,044.70 | TBD | $ 1,224,044.70 |
| 16 SEATEL INC. PO BOX 100749 ATLANTA, GA 30384-0749 US | Sabine Brunner-Accounts Receivable 1 (925) 798 7979 Sabine.Brunner@cobham.com; satcom.concord.ar@cobham.com | Supplier | N/A | $ 1,175,044.53 | TBD | $ 1,175,044.53 |
| 17 Iridium Satellite LLC 1750 Tysons Blvd, Suite 1400 McLean, VA 22102 US | 1.703.287.7400 Wouter.Deknopper@iridium.com | Supplier | N/A | $ 876,998.59 | TBD | $ 876,998.59 |
| 18 Sky Perfect JSAT Corp 1-14-14- Akasaka, Minato-Ku, Tokyo TOKYO, 107-0052 JP | Ken Kunita 81 3 5571 7770/ +852 3157 0722 kunita-ken@sptvjsat.com | Supplier | N/A | $ 744,978.25 | TBD | $ 744,978.25 |
| 19 AIRBUS DEFENCE AND SPACE LTD Gunnels Wood Road STEVENAGE, HERTS SG1 2AS GB | 44 (0) 1438 282828 kelly.hawkes@airbus.com; mark.mclauchlan@airbus.com | Supplier | N/A | $ 673,000.01 | TBD | $ 673,000.01 |
| 20 Cobham Satcom Lundtoftegaardsvej 93D Kongens Lyngby, 2800 DK | 6567952205 Geoff.Allsop@cobham.com;liga.liu @cobham.com | Supplier | N/A | $ 636,857.48 | TBD | $ 636,857.48 |
| 21 AT&T PO BOX 105414 ATLANTA, GA 30348-5414 US | Shaun Feimster 800 724 9198 sf1615@att.com; brm-qa@cctools.att-mail.com | Supplier | N/A | $ 597,526.57 | TBD | $ 597,526.57 |
| 22 Globalstar USA 1351 Holiday Square Blvd Covington, LA 70433 US | Jennifer Plaskus-Credit & Collections Supervisor 1-985-335-1534 jennifer.plaskus@globalstar.com | Supplier | N/A | $ 510,038.21 | TBD | $ 510,038.21 |

Debtor    Cosmos Holdings Acquisition Corp.                                   Case number (if known)  _____
          _____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed[1] | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral or setoff | Unsecured claim |
| 23 | Vodafone Fiji Ltd 168 Princes Road Tamavua, Suva, FJ | +64 21 361 063 (679) 331 2000 nazmin.nisha@vodafone.com | Supplier | N/A | $ 492,655.17 | TBD | $ 492,655.17 |
| 24 | TELESAT INTERNATIONAL LIMITED 4th. Floor, 80 Petty France London, SW1H 9EX GB | 1-(908) 470-488 wmccabe@telesat.com | Supplier | N/A | $ 488,861.50 | TBD | $ 488,861.50 |
| 25 | RUSSIAN SATELLITE COMMUNICATIONS COMPANY 3A Bld,1, Nikoloyamskiy per. Moscow, 109289 RU | 495 730 04 50 sco@rscc.ru | Supplier | N/A | $ 426,832.12 | TBD | $ 426,832.12 |
| 26 | COMTECH EF DATA LOCKBOX 9651 PO BOX 70280 PHILADELPHIA, PA 19176 US | Phil Lester-Credit Manager 1 480 333 2200 plester@comtechefdata.com; smorris@comtechefdata.com | Supplier | N/A | $ 417,276.00 | TBD | $ 417,276.00 |
| 27 | Telstra International 10, 11, 13, 14, 19/F TELECOM HOUSE, 3 GLOUCESTER ROAD WAN CHAI, HK | 852 2983 3388 TGBilling@team.telstra.com | Supplier | N/A | $ 380,316.30 | TBD | $ 380,316.30 |
| 28 | LEVEL 3 COMMUNICATIONS PO BOX 910182 DENVER, CO 80291-0182 US | Michael Santschi 602 512 2513; 800-871-9244 michael.satnschi@centurylink.com ; Billing@centurylink.com | Supplier | N/A | $ 376,906.28 | TBD | $ 376,906.28 |
| 29 | TAMPNET UK LTD 38 Carden Place ABERDEEN, AB10 1UP GB | 44 7467950265 finance.uk@tampnet.com | Supplier | N/A | $ 357,179.52 | TBD | $ 357,179.52 |
| 30 | INTELSAT GLOBAL SALES AND MARKETING LTD. BUILDING 5, CHISWICK PARK 555 CHISWICK HIGH ROAD LONDON, WV W4 5YF GB | +44 20 3036 6700, billing.inquiries@intelsat.com | Supplier | N/A | $ 338,210.00 | TBD | $ 338,210.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **SPEEDCAST INTERNATIONAL** | § | |
| **LIMITED**, *et al.,* | § | Case No. 20-_____ (___) |
| | § | |
| Debtors.[2] | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in SpeedCast International Limited ("**Parent**") and its affiliated debtors (the "**Non-Parent Debtors**"), as proposed debtors and debtors in possession (collectively, the "**Debtors**").   The Debtors respectfully represent as follows:

1.      Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2.      Parent is the ultimate parent company of each of the Non-Parent Debtors, and directly or indirectly owns a 100% equity interest in each of the Non-Parent Debtors.

3.      Equity in Parent is represented by ordinary shares, 14.01% held by Portsea Asset Management, 9.90% held by DS Investments, 6.02% held by Perennial Value Management, 5.61% owned by affiliates of The Goldman Sachs Group Inc., 5.23% held by Crown Ocean Capital, and 59.23% widely held by other shareholders in the aggregate.

---

[2]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.kccllc.net/speedcast. The Debtors' service address for the purposes of these chapter 11 cases is 4400 S. Sam Houston Parkway East, Houston, Texas 77048.

**<u>Exhibit A</u>**

**Organizational Chart**

**Speedcast Group Structure**
**As of 22, April 2020**





Legend
Debtor Entity
Non-Debtor Entity
* Indicates that remaining or entire ownership interest is held by non-Speedcast entit(ies).
+ Indicates that one share of such entity is held by non-Speedcast entit(ies).
** Indicates that less than 2% of ownership interests are held by another Speedcast entity.
SpeedCast Americas Inc.
Ultisat Inc.
HCT Acquisition, LLC
Globecomm Systems, Inc.
Cosmos Holdings Acquisition Corp.
Globecomm License Sub LLC
Globecomm Network Services Corporation
Globecomm Services Maryland LLC
ProTechnic Corp.
Melat Networks Inc.
Speedcast Wireless LLC
TravelComm LLC
Globecomm International LLC
Globecomm Asia Pte Ltd
DKH Holdings C.V.
DKH International LLC
99%
Globecomm Cooperatief U.A.**
Globecomm International Limited
Evolution Communications Group Limited
Globecomm Holdings B.V.
Globecomm Europe B.V.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
|  | § |  |
| **COSMOS HOLDINGS ACQUISITION** | § | **Case No. 19-_____ (___)** |
| **CORP.,** | § |  |
|  | § |  |
| **Debtor.** | § |  |
|  | § |  |

**LIST OF EQUITY HOLDERS**

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having an equity ownership interest, in the above- captioned debtor in possession.

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| HCT Acquisition, LLC 45 Oser Ave, Hauppauge, NY 11788 | Common Stock | 100.0% |

**Fill in this information to identify the case and this filing:**

Debtor name: <u>Cosmos Holdings Acquisition Corp.</u>

United States Bankruptcy Court  for the: <u>Southern District of Texas</u>
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration* <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>04/ 23 / 2020</u>          x  <u>/s/ Michael Healy</u>
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

<u>Michael Healy</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor